[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PAYMENT OF MONEYS DEPOSITED IN COURT FROM TAX COLLECTOR'S SALE
 FACTS
The applicant-in this case, Carol Kenney, advanced $80,000 to David Adams, a resident of South Carolina, in connection with his purchase of a plot of land in the Town of Chester. Kenney recorded the mortgage on November 5, 1992.
Subsequently, Adams failed to make payments on the mortgage and also failed to pay property taxes due to the Town of Chester. In late 1999, the Town of Chester's tax collector noticed a public sale pursuant to § 12-157 (a) in order to collect the taxes due plus penalties, interests and costs. On January 4, 2000, the property was auctioned for $52,000 and fully satisfied the taxes and related fees he owed the Town of Chester.
By General Statutes § 12-157 (f) the tax collector set the redemption date for July 2000. When Adams did not redeem his property, the tax collector took the excess proceeds from the sale and paid them to the court on July 10, 2000. The excess proceeds amounted to $26,101.22.
On July 28th, Kenney brought this application for payment of moneys deposited in this court from the tax collector's sale. In an affidavit, Kenney has stated that Adams still owes $79,892.27 on the principal of the mortgage plus interest of $63,403.59 and late charges in the amount of $5,253.92. Kenney has also expended $4,302.30 in attorney's fees and $444.14 for the costs of collection.
 DISCUSSION
This matter comes before the court pursuant to General Statutes §12-157 (i)(2). In pertinent part, § 12-157 (i)(2) states that, "If CT Page 13088 the tax collector pays to the court any moneys [because there is an amount in excess after a tax sale has satisfied all delinquent taxes, interest, penalties, fees and costs], the delinquent taxpayer [and] any mortgagee . . . may, within ninety days of the date the tax collector paid the moneys to the court, file an application with the court for return of the proceeds. . . . Notice of such application shall be served in the same manner as to commence a civil action on all persons having an interest of record in such property on the date the collector's deed is recorded."
Kenney filed the application on July 28, 2000. Because the tax collector deposited the moneys on July 10, 2000, Kenney has satisfied the ninety day filing requirement.
The final requirement that Kenney must satisfy is the notice to persons having an Kenney. In this matter, the record reveals that besides Kenney, only Adams, the former owner of the property, and the Town of Chester have any interest in the excess moneys. Kenney, accordingly, must be found to have given them proper notice.
A South Carolina sheriff served the attorney for Adams on August 18, 2000, and the attorney acknowledged receipt of a copy of the application. On October 4th, 2000, a sheriff in South Carolina also personally served Adams. Accordingly, Kenney has satisfied the notice provision in regard to Adams.
As for the Town of Chester, on September 21, 2000, a summons and a copy of the application were served upon John S. Bennet, an attorney authorized to accept service of process for the Town of Chester. Accordingly, Kenney has satisfied the notice provision in regard to the Town of Chester.
By statute, this court now has to use its equity powers to decide the disbursement of the excess funds. General Statutes § 12-157 (i)(2). The Town of Chester, on October 17, 2000, filed a disclosure of no defense and makes no claim to the excess funds. As for Adams, the ninety day period to file an application has run, but he has not filed any application. Kenney, on the other hand, has filed an application and claims a debt in excess of $153,000. Therefore, because Kenney is the only interested party who has filed an application and the debt owed on the mortgage is in excess of the amount deposited with this court, the court orders compensation in the full amount of $26,101.22 to Carol Kenney.
By the court
CT Page 13089 Arena, Judge